FILED
2026 Aug-07 PM 12:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ERICK SALAZAR SALGUERO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-0843-AMM-SGC** |
| | ) | |
| **WARDEN, PICKENS COUNTY JAIL, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

This is an action on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by counsel on behalf of Erick Salazar Salguero, challenging his detention under the Immigration and Nationality Act. Doc. 1. The court ordered Respondents to appear and show cause why the court should not grant the petition. Doc. 2. Although Respondents concede Mr. Salguero is entitled to a bond hearing pursuant to *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, (11th Cir. 2026), they object to his release. Doc. 6 at 4–6. At this time, the court will consider only whether Mr. Salguero is due a bond hearing under 8 U.S.C. § 1226. Mr. Salguero is entitled to a bond hearing under *Hernandez Alvarez*, and his petition, Doc. 1, is thus **GRANTED IN PART**.

## I. BACKGROUND

Mr. Salguero, a citizen of El Salvador, entered the United States in April 2018. Doc. 1 at 1; Doc. 6-1 at 5–6. Removal proceedings were dismissed without prejudice in 2022. Doc. 6-1 at 8. U.S. Immigration and Customs Enforcement ("ICE") encountered Mr. Salguero on May 9, 2026, following his arrest and detention in the Tuscaloosa County Jail. Doc. 6-1 at 2. ICE took custody of Mr. Salguero and held him in the Pickens County Detention Center. *Id*..

Mr. Salguero asserts he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and seeks immediate release. Doc. 1 at 18. On May 19, 2026, one day after filing his petition, Mr. Salguero was transferred to Winn Correctional Center in Louisiana.[1] Doc. 6-1 at 2. In June 2026, the Respondents were ordered to appear and show cause why the court should not grant the petition. Doc. 2. In their response, Respondents concede Mr. Salguero is entitled to a bond hearing but object to the remainder of the petition. Doc. 6. Mr. Salguero has not filed a reply.

## II. DISCUSSION

While Respondents do not challenge this court's jurisdiction, *see* Doc. 6 at 3–4, the court will briefly address this point. This court retains habeas jurisdiction over the petition despite Salguero's relocation to Louisiana because "when the

[1] *See* ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited Aug. 6, 2026).

Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

Here, Mr. Salguero filed his habeas petition while he was still detained within this district. Doc. 1. His petition names as Respondents both the Warden of the Pickens County Jail, his then-custodian, and Charles Anderson, in his official capacity as Senior Detention and Deportation Officer, Homewood Field Office, U.S. Immigration and Customs Enforcement—at least one of whom appears to be an individual with the legal authority to effectuate Mr. Salguero's release. *Id.* Because Mr. Salguero filed his petition naming his immediate custodian before his transfer, and because there is a named Respondent with the legal authority to effectuate his release, the court retains habeas jurisdiction. *See Rumsfeld*, 542 U.S. at 441.

Relying on the Eleventh Circuit's decision in *Hernandez Alvarez*, Mr. Salguero asks the court to order his immediate release or alternatively, to provide him with an individualized bond hearing. Doc. 1 at 18. Respondents agree that Mr. Salguero is entitled to a bond hearing under *Hernandez Alvarez*. *See* Doc. 6 at 4–6.

## III. CONCLUSION

Respondents are **ORDERED** to provide Mr. Salguero with a bond hearing to determine if he may be released on bond under 8 U.S.C. § 1226(a)(2) and the

applicable regulations. Respondents shall provide this bond hearing within **seven days** of today's order. Mr. Salguero's counsel must receive at least forty-eight hours' notice of the hearing, but only if counsel enters his appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

If Mr. Salguero is unable to receive a bond hearing from a court within the Fifth Circuit, Respondents are **ORDERED** to return him to a detention facility within the Eleventh Circuit so that he may receive the bond hearing as directed.

The court **DIRECTS** Respondents to file a notice **within ten days** of today's order, reporting on the results of the individualized bond hearing or informing the court that Mr. Salguero has been released from custody.

Mr. Salguero's petition, Doc. 1, is thus **GRANTED IN PART**. The court **RESERVES RULING** on any remaining requests for relief.

**DONE** and **ORDERED** this 7th day of August, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE